322 P.2d 890

Miguel M. LOPEZ, Petitioner,

v.

AMERICAN SMELTING & REFINING COMPANY, Defendant Employer,
and
The Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. 6531.

Supreme Court of Arizona.

March 19, 1958.

Mesch, Jasper, Marquez & Rothschild and Lawrence Ollason, Tucson, for petitioner.

Evans, Kitchel & Jenckes, and Earl H. Carroll, Phoenix, for defendant-employer.

Donald J. Morgan, Phoenix, John R. Franks, Robert K. Park, and James D. Lester, Phoenix, of counsel, for respondent Industrial Commission.

JOHNSON, Justice.

On March 14, 1954, petitioner sustained an injury to his back by accident arising out of and in the course of his employment.

The matter is before us on a writ of certiorari to review the award entered denying compensation to petitioner. On July 26, 1957, the Commission entered its decision upon rehearing, finding therein:

"1. Following the above hearing applicant, through his physician, submitted further report in regard to test whether 'kissing spines' were cause of complaint with the results that the test was negative."

"2. That it therefore appears and this Commission finds from the evidence heretofore and herein presented that the claimed disability of applicant by reason of 'kissing spines' is not the cause of his complaints and alleged disability; that no further or other evidence following the hearings herein has altered the previous findings, awards and decisions of this Commission."

and ordering:

"* * * that the Findings and Award for Unscheduled Permanent Partial Disability entered herein on May 22, 1956, and the Decision Upon Rehearing and Order Affirming Previous Findings and Award entered herein on February 8, 1957, be, and the same are, hereby affirmed."

The question presented is whether there is sufficient evidence in the record to support the finding that the claimed disability of petitioner by reason of "kissing spines" is not the cause of his complaints and alleged disability.

We stated in Hall v. Industrial Commission, 83 Ariz. 1, 315 P.2d 659, that the answer to the problem of a causal connection in a case of this nature calls for expert medical evidence. A review of the record discloses that the Commission's find-

ing is supported by two separate reports of medical advisory boards and is further supported by the testimony and reports submitted by Drs. V. W. Cortner and R. W. Weber.

Petitioner, however, contends: (a) there is no conflict in the evidence; (b) an award based upon unreasonable and unsubstantial evidence should not be upheld; (c) medical findings, rather than conclusions of a medical board, constitute evidence which will be required to support an award; and, (d) aggravation of previous ailments, diseases or predispositions is compensable.

 Petitioner states the problem is very simple, either the petitioner has "kissing spines" or he does not have "kissing spines". If he does have them, and they are a result of the injury of March 24, 1954, then it is very simple to prove. This, of course, was not the problem. The evidence established the presence of "kissing spines" and petitioner's subjective complaints. The medical problem, however, was whether the claimed disability of petitioner by reason of "kissing spines" was the cause of his subjective complaints and alleged disability. Drs. Cortner and Weber testified that in their opinion petitioner's subjective complaints were not caused by the "kissing spine" condition. Dr. Stanley S. Tanz expressed a contrary medical opinion. The Commission was presented with a direct conflict in the evidence as to the causal connection between the "kissing spines" and

his subjective complaints and alleged disability. We stated in the Hall case, supra, with this conflict in the evidence we cannot disturb the award; and there is no occasion for a repetition of authority in support thereof.

Award affirmed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.